UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 JUL -2 PM 3:33

**WINN-DIXIE STORES, INC.,**

**Plaintiff,**

vs.                                                                 Case No.: 3:14-cv-00128-HES-JBT

**UNICOUS MARKETING INC.,**

**Defendant.**
_____/

## ORDER

This cause is before the Court on Plaintiff's "Motion for Default Judgment" (Dkt. 8, filed June 11, 2014), pursuant to Fed. R. Civ. P. 55(b)(2). The Complaint was filed on January 31, 2014 (Dkt. 1). The Complaint was served on Defendant on February 5, 2014 (Dkt. 4, filed Feb. 24, 2014). The Clerk's Entry of Default against Defendant was entered on March 14, 2014 (Dkt. 6). Plaintiff filed its Motion for Default Judgment on June 11, 2014. (Dkt. 8). Defendants have yet to file a responsive pleading. Thus, the Motion is ripe for adjudication.

Plaintiff Winn-Dixie Stores Inc. brings suit for breach of contract. (Dkt. 1, filed Jan. 31, 2014). In the Complaint, Plaintiff states that both parties entered into a Master Retail Services Agreement (the "Agreement"). *Id.* ¶ 6. The Complaint incorrectly states that the Agreement stipulated that Defendant Unicous Marketing Inc. would pay Plaintiff three and one half-cents (3.50 cents) "for every paperless instant coupon discount ("PIC") granted to Winn-Dixie customers at its stores, with a guaranteed minimum payment by Unicous of $15,000 per promotion period regardless

1

of the actual number of PIC discounts granted." *Id.* ¶ 7. The Agreement, which was attached to the Complaint as Exhibit A, stipulates that payment was to be three and one-tenth cents (3.10 cents) for each PIC discount, with a guaranteed minimum payment of $15,000 per promotion period. *See* Dkt. 1-1, § 4(a). Nevertheless, Plaintiff's correspondence to Defendant properly states the payment terms, with calculation of the payment due based upon the attached Agreement. *See* Dkt. 1-3. First, on October 21, 2011, Plaintiff gave Defendant notice that it was terminating the Agreement "due to Unicous' failure to pay Winn-Dixie as required under the Agreement." Dkt. 1, ¶ 8. Then, Plaintiff sent a demand letter to Defendant on April 25, 2012, requesting $89,500 in monies owed. *Id.* ¶ 10.

In addition to the $89,500, Plaintiff seeks prejudgment interest. In contract cases, prejudgment interest is generally only allowed for liquidated damages. *See Cioffe v. Morris*, 676 F.2d 539, 543 (11th Cir. 1982); *Burkhart v. Kroeger Concrete Prods., Inc.*, 468 So. 2d 469, 469-70 (Fla. 4th DCA 1985). Prejudgment interest is available from the date performance was due under the contract, as damages are considered liquidated as of the date of breach, to the date of final judgment. *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995). In diversity jurisdiction cases, such as the present case, state law is used to determine the appropriate interest rate of prejudgment interest. *See Bel-Bel Intern. Corp. V. Cmty. Bank of Homestead*, 162 F.3d 1101, 1110-11 (11th Cir. 1998) (applying Florida law). In this case, Plaintiff alleges that Defendant owed $89,500 "since at least April 25, 2012, date of demand letter." Dkt. 8, ¶ 15. Florida's judgment interest rate from April 25, 2012 to present is 4.75 percent. *See* Fla. Stat. § 55.03. From April 25, 2012 through the date of this Order (July 1, 2014) is 797 days. Therefore, the calculated prejudgment interest is $9,274.91.

Accordingly it is **ORDERED**:

1. Plaintiff's "Motion for Default Judgment" (Dkt. 8, filed June 11, 2014) is **GRANTED**.

2. In accordance with Fed. R. Civ. P. 55(b)(2), the Clerk shall enter Judgment in favor of Plaintiff, Winn-Dixie Stores, Inc., and against Defendant, Unicous Marketing Inc. Plaintiff shall be awarded $89,500 in damages, $9,274.91 in prejudgment interest, and $525 in costs, for a total of $99,299.91, plus per diem post judgment interest of $11.65 per day; and

3. The Clerk is directed to close this case.

**DONE AND ENTERED** at Jacksonville, Florida, this _____ day of July, 2014.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Harold Gillis, Esq.
Michael Duncan, Esq.
Unicous Marketing Inc.
    c/o Illinois Corporation Service Co., Registered Agent
    801 Adlai Stevenson Drive
    Springfield, IL 62703